# 09 CV 1849

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CIF Licensing, L.L.C., GE Technology Development, Inc., LG Electronics, Inc., Mitsubishi Electric Corp., Samsung Electronics Co., Ltd., Thomson Licensing, The Trustees of Columbia University in the City of New York, U.S. Philips Corp., Koninklijke Philips Electronics, N.V., and Victor Company of Japan, Ltd.,

                Plaintiffs,

         - against -

Lenovo Group Limited, Lenovo (United States) Inc.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:
:
:
:
:
:
:
:

C.A. No.

**JURY TRIAL DEMANDED**



RECEIVED
FEB 27 2009
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs CIF Licensing, L.L.C., d/b/a GE Licensing ("CIF") and GE Technology Development, Inc. ("GETD") ( collectively "GE"), LG Electronics, Inc. ("LG"), Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Samsung Electronics Co., Ltd. ("Samsung"), Thomson Licensing ("Thomson"), The Trustees of Columbia University in the City of New York ("Columbia"), U.S. Philips Corp. ("U.S. Philips") and Koninklijke Philips Electronics, N.V. ("KPENV") (collectively "Philips"), and Victor Company of Japan, Ltd. ("JVC") (collectively "Plaintiffs") by their undersigned attorneys, for their complaint against defendants Lenovo Group Limited and Lenovo (United States) Inc. (collectively "Lenovo" or "Defendants") allege as follows:

## SUMMARY OF CLAIMS

1.    This is a patent infringement action brought against Defendants by GE, LG, Mitsubishi, Samsung, Thomson, Columbia, Philips, and JVC because of Defendants' infringement of Plaintiffs' patents which are all essential to the practice of the world-wide video compression standard known as MPEG-2 (formally known as ISO/IEC IS 13818-1 and/or ISO/IEC IS 13818-2). Plaintiffs are owners of a number of patents essential to the MPEG-2 standard as implemented in numerous devices manufactured and sold by Defendants. Among other applications, the MPEG-2 standard is used by devices manufactured and sold by Defendants and by others in the playing of stored or transmitted video information, such as with DVDs.

2.    MPEG-2 is a compression technology that can be used for digital video signals, e.g., moving picture signals in movies or television. Generally, to produce an MPEG-2 compliant signal or bitstream, a digital video signal is compressed/encoded to remove redundant or visually insignificant information. The encoding/compression reduces the amount of information needed to represent the video signal so that it can be stored in a smaller storage area or transmitted in a lower capacity communication channel. Alternatively, MPEG-2 enables storage or transmission of more or higher fidelity video signals. For example, without compression, a 133 minute long movie would require over 25 DVD discs for storage. Using MPEG-2, a good quality 133 minute long movie can be stored on a single DVD disc. In the case of terrestrial broadcast, MPEG-2 enables transmission of a high definition television ("HDTV") signal of 1920 x 1080 pixel resolution within a signal of the same bandwidth previously required to carry a standard definition television signal of, for example, 720 x 480 pixel resolution. MPEG-2 also enables transmission of at least four standard definition television signals in the

same frequency channel that previously could carry only one standard definition television signal.

        3.     MPEG-2 is currently employed in and makes possible the storage, playing, transmission and reproduction of full-length films on DVD discs, digital terrestrial broadcast television, digital satellite television broadcasts, and digital cable television.  Numerous consumer products thereby use software and/or hardware to encode and/or decode video in compliance with the MPEG-2 standard, including but not limited to video telecommunications equipment; disc players or recorders, including DVD players and recorders; Blu-ray Disc® players and recorders; personal video recorders and digital video recorders; television sets; personal computers; camcorders; cameras; video receivers, including internet protocol televisions ("IPTV"), terrestrial, satellite and cable receivers, set top boxes, converters, or descramblers; and video game consoles/video game equipment ("MPEG-2 Products").  Consumer spending on MPEG-2 Products in the United States amounts to billions of dollars per year.

        4.     Use of the patents in suit is essential to the practice of the MPEG-2 technology.

        5.     Defendants manufacture, offer to sell, sell, use, and/or import a number of products with MPEG-2 functionality.  These products include, but are not limited to, desktop computers, notebook computers, Blu-ray Disc® ("BD") drives, DVD drives and software that decode/decompress and encode/compress video according to the MPEG-2 standard, including those products enumerated in paragraph 7.  ("Defendants' MPEG-2 Products").

6.    Defendants are infringing the patents in suit by, among other things, making, importing, using, offering to sell and/or selling in the United States and in this judicial district Defendants' MPEG-2 Products, which employ the MPEG-2 patented technology.

7.    According to Defendants' website, Defendants' MPEG-2 Products utilize the MPEG-2 standard.  Defendants' website advertises infringing products that include, but are not limited to, the following:  ThinkCentre A57, ThinkCentre A62, ThinkStation S10, ThinkStation D10, Lenovo 3000 H200, Lenovo 3000 H210, ThinkCentre M58, ThinkCentre M58p, ThinkCentre M57e; IdeaCentre K210, IdeaCentre K220, Idea Centre K230, Lenovo 3000 N500, ThinkPad R400, ThinkPad R500, ThinkPad SL300, ThinkPad SL400, ThinkPad SL500, ThinkPad T400, ThinkPad T500, ThinkPad W500, ThinkPad W700, ThinkPad X61s, ThinkPad X61 Tablet, ThinkPad X200, ThinkPad X200 Tablet, ThinkPad X200s, ThinkPad X301, IdeaPad U110, IdeaPad U330, IdeaPad Y430, IdeaPad Y530, IdeaPad Y710, IdeaPad Y730, Blu-ray Disc Drives 43R1958, 43R9150, 43N3215, DVD Drives 40Y8637, 41N8369, 41N5620, 41N8366, 41N5618, 41N5565, 73P3275, 73P3270, 41N5643, 43N3212, 43R9149, 43N3213, 43N3214, 43R9148, and 43R9147.  (Exhibit ("Exh.") 1)

8.    For many years, Defendants have had an opportunity to license the patents in suit by either licensing one or more such patents directly from the individual Plaintiffs or, in the alternative, by taking a license from MPEG LA, L.L.C. ("MPEG LA"), which offers a non-discriminatory patent portfolio license under many patents essential to the practice of the MPEG-2 technology, including all patents in suit.  *See, e.g.,* E-mail dated December 31, 2004, from Dean Skandalis of MPEG LA to Clara Shi at Lenovo Group Limited.  (Exh. 2)

9.    MPEG LA was established in 1996 to provide the marketplace with non-discriminatory access to as many of the patents which are essential to MPEG-2 technology

-- 4 --

as possible.  MPEG LA is a non-exclusive licensee (with a right to sublicense) of each of the patents in suit as well as numerous other patents essential to the practice of the MPEG-2 technology.  MPEG LA has the authority to offer a non-exclusive sublicense to the patents offered in the MPEG-2 Patent Portfolio License throughout the world — including the patents in suit — on standard, non-discriminatory and reasonable terms.  More than 1,600 licensees located throughout the world have executed the standard MPEG-2 Patent Portfolio License offered by MPEG LA, including several of Defendants' competitors.  MPEG LA's licensing program began after the United States Department of Justice reviewed the circumstances surrounding the formation of MPEG LA and its standard MPEG-2 Patent Portfolio License, among other things, and issued a favorable Business Review Letter.

10.     Each Plaintiff is committed to license the patents on negotiated bilateral terms satisfactory to both parties.  As an alternative, Defendants, and indeed any potential licensee, can get a license from MPEG LA as a convenience to the licensee.  The MPEG LA license adds an alternative choice to the marketplace, in addition to, not instead of, bilateral licenses with each of the licensors, including the Plaintiffs herein.

11.     Competitors of Defendants, such as Hewlett-Packard Company, DELL Products, L.P., Apple Inc., Acer Incorporated, Toshiba Corporation, Fujitsu Limited, Sony Corporation, NEC Corporation, and Gateway Inc. have executed the MPEG LA license which Defendants have declined to execute.

12.     Notwithstanding the fact that Defendants were and continue to be aware that their products infringed and are infringing patents owned by Plaintiffs, Defendants remain unlicensed under the patents in suit.

-- 5 --

## JURISDICTION AND VENUE

13.     This action arises under the patent laws of the United States, Title 35, United States Code, including without limitation 35 U.S.C. §§ 271(a), (b), (c) and 281.

14.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15.     Upon information and belief, defendant Lenovo Group Limited is incorporated in Hong Kong and has its principal place of business in Hong Kong. Upon information and belief, defendant Lenovo (United States) Inc. is incorporated in Delaware and has its principal place of business in Morrisville, North Carolina. Lenovo through its own acts and/or through the acts of its affiliated corporations, acting as its agents or alter egos, has purposefully sold infringing products through regular distribution channels knowing such products would be used, offered for sale and/or sold in this judicial district.

16.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and § 1400(b).

## THE PARTIES

17.     Plaintiff CIF is a Delaware corporation, having its principal place of business in Princeton, New Jersey.

18.     Plaintiff GETD is a Delaware corporation, having its principal place of business in Princeton, New Jersey.

19.     Plaintiff LG is a corporation of Korea, having its principal place of business in Seoul, Korea.

20.     Plaintiff Mitsubishi is a corporation of Japan, having its principal place of business in Tokyo, Japan.

21.   Plaintiff Samsung is a corporation of Korea, having its principal place of business in Seoul, Korea.

22.   Plaintiff Thomson is a corporation of France, having its principal place of business in Boulogne-Billancourt Cedex, France.

23.   Plaintiff Columbia is a not-for-profit corporation of New York, having its principal place of business in New York, New York.

24.   Plaintiff U.S. Philips is a Delaware corporation having its principal place of business in Briarcliff Manor, New York.

25.   Plaintiff KPENV is a corporation of Netherlands, having its principal place of business in Amsterdam, The Netherlands.

26.   Plaintiff JVC is a corporation of Japan, having its principal place of business in Yokohama, Japan.

27.   Upon information and belief, defendant Lenovo Group Limited is a corporation of Hong Kong, having its principal place of business in Hong Kong.

28.   Upon information and belief, defendant Lenovo (United States) Inc. is a corporation of Delaware, having its principal place of business in Morrisville, North Carolina.

## DEFENDANTS' INFRINGEMENT

29.   Defendants manufacture, import, use, offer to sell, and/or sell within the United States and in this district MPEG-2 Products, including the Defendants' MPEG-2 Products.

30.   Defendants' MPEG-2 Products are purposely shipped by Defendants through an established distribution channel and are knowingly sold, among other places, within this judicial district.

31.    The manufacture, importation, use, offer to sell, and/or sale of Defendants' MPEG-2 Products — which do any one or more of the following: decode, encode, or accelerate the decoding or encoding of digital video signals using patented MPEG-2 methods and devices — directly and/or indirectly infringe the patents in suit.

32.    Defendants have published and continue to regularly publish advertisements and product descriptions on the Internet and/or in newspapers and magazines indicating that their products employ MPEG-2 technology. (Exh. 1)

33.    Defendants contributorily infringe the patents in suit by importing, offering for sale and/or selling Defendants' MPEG-2 Products in this judicial district and elsewhere, which products constitute material parts of the inventions claimed in the patents in suit, knowing that such MPEG-2 Products are especially made and/or especially adapted for use in an infringement of the patents in suit, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

34.    Defendants actively induce the infringement of the patents in suit by importing, using, offering to sell, selling, encouraging, and instructing others to use Defendants' MPEG-2 Products knowing that the use of these products to, among other things, decode, encode, or accelerate the decoding or encoding of MPEG-2 video signals, causes others to infringe the patents in suit.

35.    Defendants' infringing actions were and are without the consent or authority of Plaintiffs. Defendants do not now have and have never possessed a license under any of the patents in suit.

36.    Defendants had knowledge of the patents in suit prior to engaging in acts of infringement. For several years, Defendants have been put on notice of their infringement in

various communications, including letters informing Defendants that they remain unlicensed
under the MPEG-2 essential patents, including the patents in suit.  (Exh. 2)  Thus, infringement
of the patents in suit by Defendants is willful.

37.    This is an exceptional case and, accordingly, Plaintiffs are entitled to
enhanced damages and their attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

38.    Plaintiffs, and each of them, have suffered irreparable injury for which
there is no adequate remedy at law as a result of Defendants' infringement of the patents in suit.
Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to an injunction against further infringement
by an order preventing Defendants from selling any of Defendants' MPEG-2 Products in the
United States.

## FIRST CAUSE OF ACTION

39.    The allegations contained in paragraphs 1 through 38 above are repeated
and realleged as if fully set forth herein.

40.    CIF is the legal owner by assignment of United States Letters Patent No.
5093720 ("the '720 Patent").  The patent issued on March 3, 1992.  (Exh. 3)

41.    Defendants have infringed and are infringing the '720 Patent by making,
using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or
importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§
271(a)-(c).

42.    Unless enjoined, Defendants will continue to infringe the '720 Patent.

## SECOND CAUSE OF ACTION

43.    The allegations contained in paragraphs 1 through 38 above are repeated
and realleged as if fully set forth herein.

44.    CIF is the legal owner by assignment of United States Letters Patent No. 5091782 ("the '782 Patent"). The patent issued on February 25, 1992. (Exh. 4)

45.    Defendants have infringed and are infringing the '782 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

46.    Unless enjoined, Defendants will continue to infringe the '782 Patent.

### THIRD CAUSE OF ACTION

47.    The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

48.    GETD is the legal owner by assignment of United States Letters Patent No. 5491516 ("the '516 Patent"). The patent issued on February 13, 1996. (Exh. 5)

49.    Defendants have infringed and are infringing the '516 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

50.    Unless enjoined, Defendants will continue to infringe the '516 Patent.

### FOURTH CAUSE OF ACTION

51.    The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

52.    LG is the legal owner by assignment of United States Letters Patent No. Reissue 37057 ("the '057 Patent"). The patent issued on February 20, 2001. (Exh. 6)

53.   Defendants have infringed and are infringing the '057 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

54.   Unless enjoined, Defendants will continue to infringe the '057 Patent.

### FIFTH CAUSE OF ACTION

55.   The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

56.   LG is the legal owner by assignment of United States Letters Patent No. Reissue 37568 ("the '568 Patent"). The patent issued on March 5, 2002. (Exh. 7)

57.   Defendants have infringed and are infringing the '568 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

58.   Unless enjoined, Defendants will continue to infringe the '568 Patent.

### SIXTH CAUSE OF ACTION

59.   The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

60.   Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5072295 ("the '295 Patent"). The patent issued on December 10, 1991. (Exh. 8)

61.   Defendants have infringed and are infringing the '295 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or

importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

62.     Unless enjoined, Defendants will continue to infringe the '295 Patent.

## SEVENTH CAUSE OF ACTION

63.     The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

64.     Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5990960 ("the '960 Patent"). The patent issued on November 23, 1999. (Exh. 9)

65.     Defendants have infringed and are infringing the '960 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

66.     Unless enjoined, Defendants will continue to infringe the '960 Patent.

## EIGHTH CAUSE OF ACTION

67.     The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

68.     Mitsubishi is the legal owner by assignment of United States Letters Patent No. 6097759 ("the '759 Patent"). The patent issued on August 1, 2000. (Exh. 10)

69.     Defendants have infringed and are infringing the '759 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

70.     Unless enjoined, Defendants will continue to infringe the '759 Patent.

## NINTH CAUSE OF ACTION

71.     The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

72.     Mitsubishi is the legal owner by assignment of United States Letters Patent No. 7362805 ("the '805 Patent"). The patent issued on April 22, 2008. (Exh. 11)

73.     Defendants have infringed and are infringing the '805 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

74.     Unless enjoined, Defendants will continue to infringe the '805 Patent.

## TENTH CAUSE OF ACTION

75.     The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

76.     Mitsubishi is the legal owner by assignment of United States Letters Patent No. 7376184 ("the '184 Patent"). The patent issued on May 20, 2008. (Exh. 12)

77.     Defendants have infringed and are infringing the '184 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

78.     Unless enjoined, Defendants will continue to infringe the '184 Patent.

## ELEVENTH CAUSE OF ACTION

79.     The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

80.   Samsung is the legal owner by assignment of United States Letters Patent No. 5461421 ("the '421 Patent"). The patent issued on October 24, 1995. (Exh. 13)

81.   Defendants have infringed and are infringing the '421 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

82.   Unless enjoined, Defendants will continue to infringe the '421 Patent.

### TWELFTH CAUSE OF ACTION

83.   The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

84.   Samsung is the legal owner by assignment of United States Letters Patent No. 5654706 ("the '706 Patent"). The patent issued on August 5, 1997. (Exh. 14)

85.   Defendants have infringed and are infringing the '706 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

86.   Unless enjoined, Defendants will continue to infringe the '706 Patent.

### THIRTEENTH CAUSE OF ACTION

87.   The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

88.   Samsung is the legal owner by assignment of United States Letters Patent No. 6680975 ("the '975 Patent"). The patent issued on January 20, 2004. (Exh. 15)

-- 14 --

89.     Defendants have infringed and are infringing the '975 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

90.     Unless enjoined, Defendants will continue to infringe the '975 Patent.

## FOURTEENTH CAUSE OF ACTION

91.     The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

92.     Samsung is the legal owner by assignment of United States Letters Patent No. 7292657 ("the '657 Patent"). The patent issued on November 6, 2007. (Exh. 16)

93.     Defendants have infringed and are infringing the '657 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

94.     Unless enjoined, Defendants will continue to infringe the '657 Patent.

## FIFTEENTH CAUSE OF ACTION

95.     The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

96.     Thomson is the legal owner by assignment of United States Letters Patent No. 5422676 ("the '676 Patent"). The patent issued on June 6, 1995. (Exh. 17)

97.     Defendants have infringed and are infringing the '676 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or

importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

98.    Unless enjoined, Defendants will continue to infringe the '676 Patent.

## SIXTEENTH CAUSE OF ACTION

99.    The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

100.    Thomson is the legal owner by assignment of United States Letters Patent No. 5459789 ("the '789 Patent"). The patent issued on October 17, 1995. (Exh. 18)

101.    Defendants have infringed and are infringing the '789 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

102.    Unless enjoined, Defendants will continue to infringe the '789 Patent.

## SEVENTEENTH CAUSE OF ACTION

103.    The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

104.    Thomson is the legal owner by assignment of United States Letters Patent No. 7020204 ("the '204 Patent"). The patent issued on March 28, 2006. (Exh. 19)

105.    Defendants have infringed and are infringing the '204 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

106.    Unless enjoined, Defendants will continue to infringe the '204 Patent.

## EIGHTEENTH CAUSE OF ACTION

107.    The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

108.    Columbia is the legal owner by assignment of United States Letters Patent No. Reissue 35093 ("the '093 Patent"). The patent issued on November 21, 1995. (Exh. 20)

109.    Defendants have infringed and are infringing the '093 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

110.    Unless enjoined, Defendants will continue to infringe the '093 Patent.

## NINETEENTH CAUSE OF ACTION

111.    The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

112.    U.S. Philips is the legal owner by assignment of United States Letters Patent No. 5699476 ("the '476 Patent"). The patent issued on December 16, 1997. (Exh. 21)

113.    Defendants have infringed and are infringing the '476 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

114.    Unless enjoined, Defendants will continue to infringe the '476 Patent.

## TWENTIETH CAUSE OF ACTION

115.    The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

116.   U.S. Philips is the legal owner by assignment of United States Letters Patent No. 5844867 ("the '867 Patent"), while KPENV is the exclusive licensee of the '867 Patent in the field of products that comply with the MPEG-2 Standard.  The patent issued on December 1, 1998. (Exh. 22)

117.   Defendants have infringed and are infringing the '867 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

118.   Unless enjoined, Defendants will continue to infringe the '867 Patent.

### TWENTY-FIRST CAUSE OF ACTION

119.   The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

120.   KPENV is the legal owner by assignment of United States Letters Patent No. 5606539 ("the '539 Patent").  The patent issued on February 25, 1997.  (Exh. 23)

121.   Defendants have infringed and are infringing the '539 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

122.   Unless enjoined, Defendants will continue to infringe the '539 Patent.

### TWENTY-SECOND CAUSE OF ACTION

123.   The allegations contained in paragraphs 1 through 38 above are repeated and realleged as if fully set forth herein.

124.   JVC is the legal owner by assignment of United States Letters Patent No. 5103307 ("the '307 Patent"). The patent issued on April 7, 1992. (Exh. 24)

125.   Defendants have infringed and are infringing the '307 Patent by making, using, offering to sell, or selling Defendants' MPEG-2 Products within the United States or importing into the United States Defendants' MPEG-2 Products, in violation of 35 U.S.C. §§ 271(a)-(c).

126.   Unless enjoined, Defendants will continue to infringe the '307 Patent.

WHEREFORE, Plaintiffs demand judgment as follows:

1.      Adjudging, finding, and declaring that Defendants are infringing the patents in suit.

2.      Permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, from infringing the patents in suit.

3.      Awarding the respective Plaintiffs an accounting and damages against Defendants in a sum to be determined at trial, together with interest and costs as fixed by the Court; all of these damages to be enhanced in amount up to treble the amount of compensatory damages.

4.      Awarding Plaintiffs their reasonable attorneys' fees, costs, and disbursements in this action.

5.      Granting Plaintiffs such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues that may be so tried.

SULLIVAN & CROMWELL LLP

OF COUNSEL:

By: _____

Kenneth Rubenstein
Evan L. Kahn
Anthony C. Coles
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

Garrard R. Beeney
Emma Gilmore
Andreea N. Stefanescu
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Plaintiffs*
*CIF Licensing, L.L.C.,*
*GE Technology Development, Inc.,*
*LG Electronics, Inc.,*
*Mitsubishi Electric Corp.,*
*Samsung Electronics Co., Ltd.,*
*Thomson Licensing,*
*The Trustees of Columbia University in the*
*City of New York,*
*U.S. Philips Corp.,*
*Koninklijke Philips Electronics, N.V., and*
*Victor Company of Japan, Ltd.*

Dated: February 27, 2009

-- 21 --